E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
HAOXIAOHAN CAI (Cal. Bar No. 331131)
Assistant United States Attorney
General Crimes Section
 1200 United States Courthouse
 312 North Spring Street
 Los Angeles, California 90012
 Telephone: (213) 894-0762
 Facsimile: (213) 894-0141
 E-mail: Haoxiaohan.Cai@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 22-583-SB |
| Plaintiff, | |
| v. | PLEA AGREEMENT FOR DEFENDANT IZABELLA ZERBINATTI |
| IZABELLA ZERBINATTI, | |
| Defendant. | |

1. This constitutes the plea agreement between IZABELLA ZERBINATTI ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

<u>DEFENDANT'S OBLIGATIONS</u>

2. Defendant agrees to:

 a. At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Count Three of the indictment in <u>United States v. IZABELLA ZERBINATTI</u>, CR No. 2:22-583-SB, which charges defendant with simple assault within maritime and territorial jurisdiction, in violation of 18 U.S.C. § 113(a)(5) and 49 U.S.C. § 46506(1), a Class B Misdemeanor.

*LMB*
04/28/2023

b.      Not contest facts agreed to in this agreement.

c.      Abide by all agreements regarding sentencing contained in this agreement.

d.      Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.      Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.      Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.      Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.      Not fly on any flight operated by JetBlue Airlines at any time in the future.

i.      Not to recommend, argue for, or suggest in any way that the Court should impose a sentence of less than 12 months of probation on Count Three of the indictment.  Defendant also agrees to and does not oppose the imposition of the following conditions of probation:

i.      Attend and complete a one-month program of Alcoholics Anonymous, or an equivalent program approved by the United States Pretrial Services and Probation Office.

<u>THE USAO'S OBLIGATIONS</u>

3.      The USAO agrees to:

a.      Not contest facts agreed to in this agreement.

b.      Abide by all agreements regarding sentencing contained in this agreement.

c.      At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.      At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1.

NATURE OF THE OFFENSE

4.     Defendant understands that for defendant to be guilty of the crime charged in Count Three, that is, Simple Assault within Maritime and Territorial Jurisdiction, in violation of 18 U.S.C. § 113(a)(5) and 49 U.S.C. § 46506(1), the following must be true: (1) defendant knowingly and intentionally touched another person in an offensive manner; (2) defendant touched the other person without justification or excuse; (3) at the time of the touching, defendant was on an aircraft that was within the special jurisdiction of the United States.

PENALTIES AND RESTITUTION

5.     Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 113(a)(5) and 49 U.S.C. § 46506(1), is: 6 months imprisonment or five years of probation; a fine of $5,000; a mandatory special assessment of $10.

6.     Defendant understands that probation is a period of time imposed in lieu of imprisonment during which defendant will be subject to various terms and conditions, including restrictions and requirements.  Defendant understands that if she violates a condition of probation at any time prior to the expiration or termination of the term of probation, the Court may continue her on probation, with or without extending the term or modifying or enlarging the conditions, or revoke the sentence of probation and resentence defendant to any sentence up to the statutory maximum, including imprisonment, for the offense of conviction.

7.     Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights. Defendant understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

8.     Defendant understands that, if defendant is not a United States citizen, the misdemeanor conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The Court cannot, and defendant's attorney also may not be able to, advise defendant

3

fully regarding the immigration consequences of the conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

9. Defendant understands that defendant will be required to pay full restitution to the victims of the offense to which defendant is pleading guilty. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts.

## FACTUAL BASIS

10. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On October 6, 2022, while on JetBlue Flight 786 from Miami, Florida to Los Angeles, California, which landed at Los Angeles International Airport in Los Angeles County, within the Central District of California, defendant knowingly and intentionally touched A.E., a passenger seated next to her on the airplane, in an offensive manner, without justification or excuse.

Specifically, about two hours into the flight, after ingesting several alcoholic drinks as part of meal service on the plane, defendant took A.E.'s left hand and began sucking his left middle finger for approximately five seconds. Defendant thereafter pulled A.E.'s face towards hers in an effort to kiss A.E. Defendant thereafter began licking A.E.'s left cheek, near his temple, until A.E. pulled his head

away.  Defendant then grabbed A.E.'s genitals over his clothing for approximately three seconds and repeatedly said that she "wanted to fuck" him.   Defendant then got up from her seat and crouched down on A.E.'s lap and began to gyrate on him.  A.E. did not welcome nor want any of defendant's conduct, defendant's conduct was patently offensive, and defendant touched A.E. without justification or excuse.

During this flight, defendant also assaulted two flight attendants, S.W., and S.R., and interfered with or lessened the ability of the flight attendants to perform their duties.  Flight attendant S.W. approached A.E. after defendant got out of A.E.'s lap and defendant went to use the restroom on the plane.  A.E. advised S.W. that he was uncomfortable and wanted to move to a different seat to be away from defendant.  When defendant discovered that A.E. had been moved, defendant began cussing loudly at S.W.  Defendant thereafter got out of her seat and approached the galley of the plane where refreshments were kept.  After being denied chocolate and alcohol, defendant started yelling at S.R., another flight attendant.   S.R. repeatedly asked defendant to return to her seat, and defendant did not comply.  Instead, defendant pushed S.R. on her shoulder with one hand.  S.R. advised defendant not to touch her, but defendant pushed S.R. again, this time with both hands on S.R.'s chest.   S.W. intervened and placed defendant into a nearby passenger seat.  As S.W. was holding defendant's wrists, defendant attempted to bite S.W.

Flight attendants attempted to restrain defendant with wrist restraints.  In the process, defendant assaulted S.W. by kicking her in the midsection three times.  After defendant was restrained, she continued yelling and cursing.   Because of the disturbance caused by defendant, pilots could not take their scheduled bathroom breaks, and the flight attendants shut down in-flight service, which is part of their regular duties, for the remainder of their flight.

At all relevant times, defendant engaged in the above conduct while on an aircraft within the special aircraft jurisdiction of the United States.

<u>SENTENCING FACTORS</u>

11.    Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).

Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

12. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:                          7                     U.S.S.G. § 2A2.3(a)(1)

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

13. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7), except that defendant agrees not to argue for a sentence of less than 12 months' probation subject to the terms and conditions set forth in paragraph 2.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

15. Defendant understands that by pleading guilty, defendant gives up the following rights:

a.     The right to persist in a plea of not guilty.

b.     The right to a speedy and public trial by jury.

c.     The right to be represented by counsel –- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel –- and if necessary have the Court appoint counsel –- at every other stage of the proceeding.

d.     The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.     The right to confront and cross-examine witnesses against defendant.

f.     The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

6

g.      The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.      Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

16.    Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

17.    Defendant agrees that, provided the Court imposes a total term of imprisonment within or below the Sentencing Guidelines range corresponding to a total offense level of 5 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any condition of probation agreed to by defendant in paragraph 2 above.

18.    The USAO agrees that, provided (a) all portions of the sentence below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the Sentencing Guidelines range corresponding to a total offense level of 5 and the criminal history

category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the amount of restitution ordered.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

19.     Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

20.     Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

21.     This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

22.     Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement,

defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

23. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then:

      a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

      b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

      c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

<u>OFFICE NOT PARTIES</u>

24. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

25. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 13 are consistent with

the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

26.     Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one –- not the prosecutor, defendant's attorney, or the Court –- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

27.     Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///

///

///

///

///

///

///

///

///

///

///

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

28.     The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney

_____          May 15, 2023
HAOXIAOHAN CAI                            Date
Assistant United States Attorney

_____          5/15/2023
IZABELLA ZERBINATTI                       Date
Defendant

_____          5/15/2023
ROBERT HELFEND                            Date
Attorney for Defendant IZABELLA ZERBINATTI

//

//

11

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.  I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          _____
IZABELLA ZERBINATTI                                                      5/15/2023
Defendant//                                                                        Date

1

<u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

I am IZABELLA ZERBINATTI's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of her rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_Robert M. Helfend_                                      5/15/2023
ROBERT HELFEND                                          Date
Attorney for Defendant IZABELLA ZERBINATTI

13